IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE GREEN,
       Petitioner

v.

SUPT. LAWLER,
       Respondent

CIVIL ACTION NO. 09-CV-926

## MEMORANDUM AND ORDER

Petitioner forwarded this Court correspondence dated February 26, 2009. The correspondence was filed as Petitioner's third motion for relief pursuant to Fed.R.Civ.P. 60(b). Petitioner originally filed, in Civil Action number 03-CV-6879, a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. That original petition was denied and dismissed. Petitioner appealed and the Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability on June 7, 2005. Petitioner subsequently filed, in Civil Action numbers 06-CV-0102 and 06-CV-1002, motions for relief pursuant to Fed.R.Civ.P. 60(b), respectively. Both motions were denied because Petitioner raised substantive claims therein and the motions were considered second or successive petitions for habeas corpus relief.[1]

Petitioner's instant motion will be dismissed. Upon review of the motion, and construing

---

[1] In accordance with Gonzalez v. Crosby, 545 U.S. 524, 531, 126 S.Ct. 2641, 2647-48 (2005), a motion for relief from judgment pursuant to Rule 60(b) should be treated as a successive petition for *habeas corpus* relief when a petitioner asserts substantive claims therein. A motion for relief from judgment which raises a substantive claim must be treated as a successive petition for *habeas corpus* relief. Id.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for writ of *habeas corpus* without first seeking and receiving approval from the Court of Appeals. Absent such authorization, the District Court is not permitted to consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

any possible claims raised therein liberally, it is clear that Petitioner does not state a cause of action or raise any claims for relief. He merely recites the procedural history of his criminal post-trial proceedings. Therefore, **AND NOW**, this 26th day of March 2009, **IT IS HEREBY ORDERED** that:

1. Petitioner's Rule 60(b)(4) Motion to Vacate Void Judgment is **DENIED**;

2. There is no probable cause to issue a certificate of appealability; and,

3. The Clerk of Court shall close this matter.

MARY A. MCLAUGHLIN